UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 6:18-cr-00033-GFVT-HAI |
| v. | ) | **MEMORANDUM OPINION** |
| KENNETH SHAVER, | ) | **&** |
| Defendant. | ) | **ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on a Motion to Appear at Sentencing via Video by Defendant Kenneth Shaver. [R. 366.] Mr. Shaver wishes to attend sentencing via video conference rather than be transported from the maximum-security facility in Colorado, where he resides. *Id.* Mr. Shaver attached a waiver to his motion that purported to consent to appear by video rather than be personally present for sentencing. [R. 366-1.] The United States opposed the motion. [R. 368.] By way of reply, Mr. Shaver asserted that, if the Court denies his request to appear by video, he wishes to waive attendance at sentencing altogether. [R. 374.] The United States also opposes Mr. Shaver's subsequent request. [R. 377.] For the reasons given below, Mr. Shaver's motion **[R. 366]** and subsequent request to waive attendance altogether **[R. 374.]** is **DENIED**.

**I**

In April 2023, Mr. Shaver was found guilty by a unanimous jury of one count of first-degree murder. [R. 347.] Following his jury trial, Mr. Shaver was transported back to the ADX facility in Florence, Colorado, where he has remained incarcerated since. [R. 366.] Mr. Shaver's sentencing hearing was originally scheduled for September 19, 2023 at the United

States Courthouse in Frankfort. [R. 344.] In late July, Mr. Shaver filed a motion requesting that he be allowed to appear at his sentencing via video rather than in person. [R. 366.] In support of the motion, Mr. Shaver notes that transportation of an inmate from Colorado to Kentucky is a lengthy and difficult process for both the United States Marshal's Service and himself. *Id.* Mr. Shaver attached a waiver to his motion that purported to consent to appear by video rather than be personally present for sentencing. [R. 366-1.] After the Court ordered the United States to respond to Mr. Shaver's motion within 14 days [R. 367], the United States filed a response in opposition of Mr. Shaver's request. [R. 368.] In order to give Mr. Shaver an adequate amount of time to file a reply in support of his motion, the Court granted a request to continue Mr. Shaver's sentencing until October 30, 2023. [R. 373.]

In his reply in support of his motion, Mr. Shaver restated his argument that transportation of an inmate from Colorado to Kentucky is both lengthy and burdensome. [R. 374.] Mr. Shaver also stated that another, previously unmentioned, reason for his request related to medical issues, specifically the desire to avoid postponing a surgical procedure, the date of which is unknown to Mr. Shaver. *Id.* Aside from these arguments in support of his desire to appear at his sentencing virtually, Mr. Shaver raised an alternative proposal: to waive his personal appearance at sentencing altogether. *Id.* Through counsel, Mr. Shaver subsequently filed a signed waiver expressing his desire to be voluntarily absent from his sentencing hearing. [R. 376-1.] The Court ordered the United States to file a supplemental response that would address Mr. Shaver's desire to be voluntarily absent from sentencing. [R. 375.] On October 3, the United States filed its supplemental response, which further opposes Mr. Shaver's requests. [R. 377.] The matter is now ripe for review.

**II**

The Court recognizes the burdensome process of transporting Mr. Shaver from Colorado to Kentucky for his sentencing hearing. Because, Federal Rule of Criminal Procedure 43's language is clear, however, Mr. Shaver may not participate in his sentencing hearing virtually, nor may he waive his appearance altogether. We first address Mr. Shaver's request to appear by video teleconference.

**a**

Federal Rule of Criminal Procedure 43(a) requires, with limited exceptions not applicable here, that a criminal defendant be present at sentencing. Fed. R. Crim. P. 43(a)(3). "This requirement comports with the general view . . . that criminal defendants have a constitutional right to be present at sentencing." *See United States v. Williams*, 641 F.3d 758, 764 (6th Cir. 2011). The Sixth Circuit, consistent with many of its sister circuits, has made clear that a district court may not conduct a sentencing hearing by video conference. *Id.*

Mr. Shaver argues that Federal Rule of Criminal Procedure Rule 43(c)(1)(B) allows for a defendant to voluntarily waive his right to be personally present during his sentencing hearing. [R. 366 at 1.] Rule 43(c)(1)(B) states that "[a] defendant who was initially present at trial . . . waives the right to be present . . . in a noncapital case, when the defendant is voluntarily absent during sentencing." Fed. R. Crim. P. 43(c)(1)(B). Mr. Shaver also relies on Rule 43(c)(2), which specifies that "[i]f the defendant waives the right to be present, the trial may proceed to completion, including the verdict's return and sentencing, during the defendant's absence." *See* [R. 374 at 3]; Fed. R. Crim. P. 43(c)(2).

Mr. Shaver, essentially, is asking the Court to read Rule 43(c)(1)(B)'s mandate to mean that he can provide written consent to waive his right to be physically present, and to instead

3

appear by videoconference or, in the alternative, not at all. This interpretation is a leap too far. The Court finds that *Williams* is dispositive of the video conference issue. *See* 641 F.3d 758 (6th Cir. 2011). In *Williams*, the defendant "appeared" by video at his sentencing hearing without objection, which, according to the record, seemed to have worked well. *Id*. at 763. On appeal, however, the Sixth Circuit found that this procedure violated Williams's rights under Rule 43(a). *Id*. at 765. As the Court explained, "[t]he text of Rule 43 does not allow video conferencing." *Id*. at 764. While the Court recognized that an individual defendant, such as Mr. Shaver in the present case, "may determine that the benefits of not having to travel outweigh the costs of having a meeting by video conference," it plainly instructed that "[u]ntil such time as the drafters of [Rule 43] instruct us otherwise, district courts may not conduct sentencing hearings by video conference." *Id*.

The Court in *Williams* acknowledged that "[a]s written, [Rule 43] reflects a firm judgment in favor of physical presence and does not permit the use of video conferencing as a substitute." *Id*. at 765. The significance of a defendant being physically present for a proceeding such as a sentencing hearing cannot be understated. Rule 43's Advisory Committee itself recognizes "the intangible benefits and impact of requiring a defendant to appear before a federal judicial officer in a federal courtroom, and what is lost when virtual presence is substituted for actual presence." Fed. R. Crim. P. 43 advisory committee's note to 2011 amendment. Being physically present in the courtroom with another has inscrutable effects—a certain human element—that is impossible to replicate through video communication.

The Court is aware of one case, which Mr. Shaver cites in reply in support, where another district court interpreted Rule 43 broadly enough to permit a defendant's waiver of in-person appearance at sentencing. *See United States v. Bustillo-Sevilla*, No. 20-cr-00021, 2020 U.S. Dist.

4

LEXIS 46326 (N.D. Cal. Mar. 15, 2020). It is important, however, to note the extraordinary circumstances in *Bustillo-Sevilla*. The defendant in *Bustillo-Sevilla* was asking for a "time served" sentence—that is, a sentence equal to the amount of time he had already spent in custody. *Id*. at 1. Notably, Mr. Bustillo-Sevilla was scheduled to be sentenced on March 23, 2020. *Id*. The Court need not elaborate on the fact that on March 11, 2020, the World Health Organization declared COVID-19 a pandemic. Kathy Katella, *Our Pandemic Year—A COVID-19 Timeline*, Yale Medicine, https://www.yalemedicine.org/news/covid-timeline. Understandably, because of the uncertainty surrounding the public health crisis, many courts, including the *Bustillo-Sevilla* court, suspended in-person hearings. *Bustillo-Sevilla*, 2020 U.S. Dist. LEXIS 46326 at *1. If the defendant in *Bustillo-Sevilla* was correct in his assertion that a sentence of time served was warranted, a delay in his sentencing hearing would cause the defendant to be in custody for longer than necessary. *Id*. Thus, to avoid the possibility of overservice by the defendant, the district court decided that the sentencing hearing take place telephonically and afforded the defendant the opportunity to waive his appearance. *Id* at 4.

No extraordinary circumstances like those described above exist in the present case. While the Court is sympathetic to Mr. Shaver's concerns, the Sixth Circuit's view on the matter is uncomplicated: "district courts may not conduct sentencing hearings by video conference." *Williams*, 641 F.3d at 764. Thus, because our mandate is so apparent, the Court cannot permit Mr. Shaver to appear by videoconference.[1]

---

[1] In a previous order regarding Mr. Shaver's motion [R.367], the Court expressed concern that Federal Rule of Criminal Procedure 53, which prohibits the broadcasting of judicial proceedings, may prohibit Mr. Shaver's request. Accordingly, Mr. Shaver responded to the Court's concerns regarding Rule 53 in his reply in support. [R. 374.] The Court is certainly appreciative of Mr. Shaver's effort to address the Court's concerns. Because, however, the Court finds that Rule 43 is dispositive of the videoconferencing issue, the Court views any further discussion of Rule 53 as unnecessary and forgoes discussing Rule 53 here.

**b**

The Court now turns to Mr. Shaver's alternative request, which is that he be permitted to waive his personal appearance at sentencing altogether. Subsection (b) of Rule 43 sets forth circumstances where a defendant need not be present. An organizational defendant need not be present if represented by counsel who is present. Fed. R. Crim. P. 43(b)(1). Defendants in misdemeanor cases—facing an "offense [that] is punishable by fine or by imprisonment for not more than one year, or both"—need not be present under certain circumstances. Fed. R. Crim. P. 43(b)(2). Subsection (b) also excuses a defendant's presence at a proceeding that "involves only a conference or hearing on a question of law" or "the correction or reduction of [a] sentence." *Id*. (b)(3)-(4). Here, Mr. Shaver is being sentenced, and his offense is punishable by imprisonment greater than one year. Thus, none of Rule 43(b)'s exceptions apply to Mr. Shaver.

Subsection (c) of Rule 43 permits a defendant to waive his continued presence under certain circumstances. A defendant who was initially present at trial, or who has pleaded guilty or nolo contendere, waives the right to be present (a) when the defendant is voluntarily absent after the trial has begun; (b) in a noncapital case, when the defendant is voluntarily absent during sentencing; or (c) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom. Fed. R. Crim. P. 43(c)(1)(A)-(C).

Here, Mr. Shaver was convicted of a noncapital crime. His desire to participate virtually, however, does not qualify as a situation "when the defendant is voluntarily absent during sentencing" under Rule 43(c)(1)(B). Mr. Shaver's filings related to this matter quote the language of Rule 43's subsection (c), but Mr. Shaver fails to explain how the Court should interpret subsection (c) besides broadly proclaiming that the rule allows for a defendant to waive

6

his right to be personally present during his sentencing hearing. [R. 366] [R. 374.] The Court surmises that Mr. Shaver is arguing that the words "voluntarily absent" should be construed to mean the same thing as "voluntary waiver." Nonetheless, the Court does not adopt this interpretation of Rule 43.

The Sixth Circuit has not addressed the issue of what "voluntarily absent" means under Rule 43(c)(1)(B). Other district courts, however, have pondered the issue and concluded that the language of Rule 43 does not permit a defendant to waive their presence at a sentencing hearing. *See e.g.*, *United States v. Jones*, 410 F. Supp. 2d. 1026, 1031-33 (D.N.M. 2005) (the Court holding that, under Rule 43(c)(1)(B), a defendant may not waive his presence at his sentencing hearing entirely). The *Jones* Court explained its reasoning as such:

> Reading rule 43 as a whole [] sheds light on subsection (B)'s scope. Rule 43(b)(2) states that, for a misdemeanor offense, 'with the defendant's written consent,' the court may permit the sentencing to occur in the defendant's absence. This subsection concerning misdemeanors specifically allows a defendant to be absent from sentencing when the defendant gives written consent. Rule 43(c)(1)(B) contains no such language. If the drafters of rule 43 intended for a defendant to be able to waive presence under rule 43(c)(1)(B), by written consent, then the drafters could have easily included in that section the same language that is found in rule 43(b)(2). Thus, it is doubtful that a defendant can waive presence at sentencing under rule 43(c)(1)(B) solely by written consent and 'voluntarily absent' must require something more.

*Id*. at 1031-32. In the present case, the Court agrees. Under the contextual canon of presuming consistent usage, a material variation in terms suggests a variation in meaning. Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 170-73 (2012). Thus, the difference between the language of Rules 43(b)(2) and 43(c)(1)(B) is not a mere nomenclatural exercise; rather, the difference in language denotes a clear difference in meaning. Had the drafters of Rule 43(c)(1)(B) meant to permit waiver of presence by written consent, they would have specifically expressed so, just as they had in Rule 43(b)(2).

The history of Rule 43 is also informative. The advisory committee notes to the 1995 amendments to Rule 43 state:

> The revisions to Rule 43 focus on two areas. First, the amendments make clear that a defendant who, initially present at trial or who has entered a plea of guilty or contendere, but who *voluntarily flees* before sentencing, may nonetheless be sentences in absentia. . . .
>
> . . . .
>
> Subdivision (b). The chances in subdivision (b) are intended to remedy the situation where a defendant *voluntarily flees* before sentence is imposed. Without the amendment, it is doubtful that a court could sentence a defendant who had been present during the entire trial but flees before sentencing. Delay in conducting the sentencing hearing under such circumstances may result in difficulty later in gathering and presenting the evidence necessary to formulate a guideline sentence.

Fed. R. Crim. P. 43 advisory committee's note to 1995 amendment (emphasis added). As another district court explained, the advisory committee notes reveal that Rule 43(c)(1)(B) was "intended, not to allow a defendant to execute an express waiver of presence, but instead to allow sentencing in absentia when a defendant 'voluntarily flees before sentencing.'" *See United States v. Walker*, No. 15-2846, 2016 U.S. Dist. LEXIS 139361, at *10-11 (D.N.M. Oct. 6, 2016). The Court agrees that the drafters almost certainly intended that "voluntary absent" refer to defendants who abscond in order to obstruct their sentencing. Again, had the drafters intended to permit voluntary waiver by written consent under Rule 43(c)(1)(B), they would have used the same precise language found in Rule 43(b)(2). For these reasons, the Court does not read Rule 43(c)(1)(B) to permit voluntary waiver of appearance at sentencing through written consent.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Appear by Video Conference **[R. 366]** is **DENIED**; and

2. The Defendant's Alternative Request to Waive Appearance at Sentencing **[R. 374]** is **DENIED**.

This the 19th day of October, 2023.

Gregory F. Van Tatenhove
United States District Judge